Opinion
 

 KENNARD, J.
 

 The state and federal Constitutions both guarantee criminal defendants the right to a speedy trial (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15, cl. 1), and both guarantees operate in state criminal prosecutions (see
 
 Klopfer
 
 v.
 
 North Carolina
 
 (1967) 386 U.S. 213, 222-223 [87 S.Ct. 988, 993-994, 18 L.Ed.2d 1] [holding that the 6th Amend.’s speedy trial guarantee applies to state criminal prosecutions]), but there are two important differences in the operation of the state and federal constitutional rights as construed by our courts.
 

 The first difference concerns the point at which the speedy trial right attaches. Under the
 
 state
 
 Constitution, the filing of a felony complaint is sufficient to trigger the protection of the speedy trial right.
 
 (People v. Hill
 
 (1984) 37 Cal.3d 491, 497, fn. 3 [209 Cal.Rptr. 323, 691 P.2d 989];
 
 People v. Hannon
 
 (1977) 19 Cal.3d 588, 607-608 [138 Cal.Rptr. 885, 564 P.2d 1203]
 
 (Hannon).)
 
 Under the
 
 federal
 
 Constitution, however, the filing of a
 
 *755
 
 felony complaint is by itself insufficient to trigger speedy trial protection.
 
 (Hannon, supra,
 
 at pp. 605-606.) The United States Supreme Court has defined the point at which the federal speedy trial right begins to operate: “[I]t is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.”
 
 (United States
 
 v.
 
 Marion
 
 (1971) 404 U.S. 307, 320 [92 S.Ct. 455, 463, 30 L.Ed.2d 468].)
 

 The second difference is in the showing that a defendant must make to obtain a dismissal for violation of the speedy trial right. For the
 
 federal
 
 Constitution’s speedy trial right, the United States Supreme Court has articulated a balancing test that requires consideration of the length of the delay, the reason for the delay, the defendant’s assertion of the right, and prejudice to the defense caused by the delay.
 
 (Barker v. Wingo
 
 (1972) 407 U.S. 514, 530 [92 S.Ct. 2182, 2191-2192, 33 L.Ed.2d 101].) Because delay that is “uncommonly long” triggers a presumption of prejudice
 
 (Doggett v. United States
 
 (1992) 505 U.S. 647, 651-652, 656-657 [112 S.Ct. 2686, 2690-2691, 2693-2694, 120 L.Ed.2d 520]), a defendant can establish a speedy trial claim under the Sixth Amendment without making an affirmative demonstration that the government’s want of diligence prejudiced the defendant’s ability to defend against the charge.
 
 (Moore v. Arizona
 
 (1973) 414 U.S. 25, 26 [94 S.Ct. 188, 189-190, 38 L.Ed.2d 183].) Under the
 
 state
 
 Constitution’s speedy trial right, however, no presumption of prejudice arises from delay after the filing of a complaint and before arrest or formal accusation by indictment or information
 
 (Scherling v. Superior Court
 
 (1978) 22 Cal.3d 493, 504, fn. 8 [149 Cal.Rptr. 597, 585 P.2d 219]); rather, in this situation a defendant seeking dismissal must affirmatively demonstrate prejudice
 
 (Sema
 
 v.
 
 Superior Court
 
 (1985) 40 Cal.3d 239, 249 [219 Cal.Rptr. 420, 707 P.2d 793]).
 

 Arguing against continued recognition of these differences between the state and federal speedy trial guarantees, defendant here urges us to bring the parallel constitutional speedy trial guarantees into more perfect alignment. Regarding attachment of the speedy trial right, she would have us accomplish this by holding that the federal right, like the state right, attaches upon the filing of a felony complaint, or at least upon the filing of a felony complaint and- the issuance of an arrest warrant. Regarding the showing required to demonstrate a speedy trial violation, she asks us to adopt for our state Constitution the federal rule that a lengthy delay in prosecution raises a presumption of prejudice.
 

 We reject both of' these proposals, perceiving no persuasive reason to abolish the distinctions between the state and federal Constitutions’ speedy
 
 *756
 
 trial rights as recognized by past decisions. We conclude, accordingly, that in a California prosecution the filing of a felony complaint, either with or without the issuance of an arrest warrant, is insufficient to engage the federal Constitution’s speedy trial protection, and we conclude also that, absent violation of a statutory speedy trial provision, a showing of specific prejudice is required to establish a violation of our state Constitution’s speedy trial right.
 

 Defendant raises an additional issue: To determine whether violation of our
 
 state
 
 Constitution’s speedy trial right has occurred, in the absence of a statutory speedy trial violation, may a trial court defer ruling on a motion to dismiss until after the evidence at trial has revealed the extent of the prejudice that the defense has suffered? We conclude that a trial court may do so.
 

 I
 

 On September 6, 1991, a police officer arrested defendant Denise M. Martinez in San Diego for driving under the influence (DUI) (Veh. Code, § 23152, subd. (a)). She gave the arresting officer an address on Eckstrom Avenue in San Diego.
 

 On September 16, 1991, the San Diego District Attorney filed a felony complaint charging defendant with DUI and alleging four prior DUI convictions (see Veh. Code, former § 23175, added by Stats. 1983, ch. 637, § 3, p. 2546, repealed by Stats. 1998, ch. 118, § 41; see now Veh. Code, §§ 23550-23552, added by Stats. 1998, ch. 118, § 84). An arraignment notice was sent to defendant at an address on Elder Avenue in Imperial Beach. Defendant did not appear for her arraignment on September 30, 1991, and on January 13, 1992, a magistrate issued a warrant for her arrest.
 

 On November 28, 1995, three years and 10 months after the warrant was issued, defendant was arrested in San Diego on another alcohol-related charge, and the outstanding warrant was discovered. On December 12, 1995, a magistrate held a preliminary hearing on the September 1991 complaint, and defendant was held to answer.
 

 On December 21, 1995, the San Diego District Attorney filed an information in superior court charging defendant with the September 1991 DUI and alleging the prior DUI convictions. Defendant moved to dismiss the charge for denial of her state and federal constitutional rights to a speedy trial. She argued that her federal constitutional speedy trial right attached upon the filing of the felony complaint, or upon the filing of the felony complaint and
 
 *757
 
 the issuance of the arrest warrant. Without addressing the merits, the superior court denied the motion without prejudice to its renewal at trial.
 

 Defendant renewed the motion to dismiss at trial, and the trial court deferred ruling pending litigation of the issue of guilt or innocence of the DUI charge. The prior conviction allegations were bifurcated, and defendant waived jury trial as to those allegations. The DUI charge was tried to a jury, which found defendant guilty of that charge.
 

 After receiving the verdict and discharging the jury, the trial court conducted a hearing on defendant’s motion to dismiss for denial of a speedy trial. At this hearing, the parties presented evidence on the issues of justification for the delay and prejudice resulting from the delay. Testifying in her own behalf, defendant denied any memory of the September 1991 DUI arrest or of what she had done on that day. She said she had never lived on Elder Avenue in Imperial Beach, where the arraignment notice was sent, and had never told anyone that she lived there.
 

 Regarding defendant’s speedy trial right under
 
 the. federal
 
 Constitution, the trial court, considering itself bound by “California case law,” concluded that the right did not attach upon the filing of the felony complaint in September 1991, or upon the issuance of the arrest warrant in January 1992, but only upon the filing of the information in December 1995. Because there was no lengthy delay of trial after the filing of the information, the trial court concluded that defendant had not been denied her speedy trial right under the federal Constitution. Regarding defendant’s speedy trial right under the
 
 state
 
 Constitution, which attached upon the filing of the felony complaint, the trial court concluded that defendant had failed to carry her burden of demonstrating that the four-year delay in bringing her to trial had prejudiced her ability to defend against the charge. Accordingly, the court denied the motion to dismiss.
 

 Defendant then admitted the prior DUI convictions alleged in the information. The court suspended imposition of sentence and placed defendant on formal probation for five years on conditions including 180 days in county jail.
 

 On defendant’s appeal from the judgment (see Pen. Code, § 1237 [order granting probation deemed a final judgment for purposes of appeal]), the Court of Appeal affirmed. It concluded that the trial court was not required to hear the motion to dismiss before trial, and that defendant had not demonstrated a violation of her constitutional right to speedy trial. Regarding actual prejudice, the Court of Appeal stated: “[Defendant] did not meet
 
 *758
 
 her burden of showing that she suffered actual prejudice from the prosecutorial delay. She merely speculates that the testimony of the two unavailable prosecution witnesses would have aided her defense. Accordingly, substantial evidence supports the trial court’s finding that [defendant] suffered no actual prejudice from the delay, and the court did not err by denying her motion to dismiss.”
 

 II
 

 In California, the state may prosecute a felony “either by indictment or, after examination and commitment by a magistrate, by information.” (Cal. Const., art. I, § 14; see also Pen. Code, §§ 682, 737, 949.)
 

 An indictment is “an accusation in writing, presented by the grand jury to a competent court, charging a person with a public offense.” (Pen. Code, § 889.) “The grand jury shall find an indictment when all the evidence before it, taken together, if unexplained or uncontradicted, would, in its judgment, warrant a conviction by a trial jury.”
 
 (Id.,
 
 § 939.8; see
 
 Cummiskey v. Superior Court
 
 (1992) 3 Cal.4th 1018, 1029 [13 Cal.Rptr.2d 551, 839 P.2d 1059] [construing this provision as requiring only a finding of probable cause].) An indictment charging a felony is filed in the superior court. (Pen. Code, § 949.)
 

 An information is an accusatory pleading charging a felony, subscribed by the district attorney, and filed in the superior court. (Pen. Code, §§691, subd. (c), 739, 949.) Before the prosecution may file an information in superior court charging a felony, “there must be a preliminary examination of the case against the defendant and an order holding him to answer . . . .”
 
 (Id.,
 
 § 738.) A felony complaint is a written accusatory pleading subscribed under oath and filed with a magistrate.
 
 (Id.,
 
 §§ 691, subd. (c), 806.) A magistrate is “an officer having power to issue a warrant for the arrest of a person charged with a public offense.”
 
 (Id.,
 
 § 807; see also
 
 id.,
 
 § 808 [providing that judges of the superior and municipal courts are magistrates, as are justices of the Supreme Court and the Courts of Appeal].) The preliminary examination is a public hearing conducted before a magistrate at which the prosecution and the defendant may present evidence.
 
 (Id.,
 
 §§ 865, 866, 868.) After the preliminary examination, the magistrate will order the defendant “held to answer” on the charge or charges stated in the complaint if “it appears from the examination that a public offense has been committed, and there is sufficient cause to believe that the defendant is guilty . . . .”
 
 (Id.,
 
 § 872, subd. (a).)
 

 III
 

 The leading case on the commencement of speedy trial protection under the federal Constitution’s Sixth Amendment is
 
 United States v. Marion,
 
 
 *759
 

 supra,
 
 404 U.S. 307
 
 (Marion).
 
 There, a federal grand jury in April 1970 had indicted two defendants for various crimes allegedly committed between March 1965 and February 1967 as part of a fraudulent business scheme. The defendants moved to dismiss the indictment, claiming a violation of their Sixth Amendment right to a speedy trial based on preindictment delay. The federal district court granted the motion, and the United States appealed directly to the Supreme Court, which reversed the judgment of dismissal. (404 U.S. at pp. 308-311 [92 S.Ct. at pp. 457-459].) The high court determined that “the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an ‘accused,’ an event that occurred in this case only when the [defendants] were indicted . . . .”
 
 (Id.
 
 at p. 313 [92 S.Ct. at p. 459].)
 

 To reach this determination, the court looked first to the plain language of the Sixth Amendment, which provides that “[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . .” (U.S. Const., 6th Amend.) The Supreme Court inferred from this language that “the protection of the Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been ‘accused’ in the course of that prosecution.”
 
 (Marion, supra,
 
 404 U.S. 307, 313 [92 S.Ct. 455, 459].)
 

 The high court found “nothing in the circumstances surrounding the adoption of the Amendment indicating that it does not mean what it appears to say . . . .”
 
 (Marion, supra,
 
 404 U.S. 307, 313-314 [92 S.Ct. 455, 469], fn. omitted.) The court added that the “framers could hardly have selected less appropriate language if they had intended the speedy trial provision to protect against pre-accusation delay.”
 
 (Id.
 
 at pp. 314-315 [92 S.Ct. at p. 460].) Likewise, no support for the defendants’ proposed construction of the Sixth Amendment could be derived from the decisions of federal appellate courts, as no federal court had “reversed a conviction or dismissed an indictment solely on the basis of the Sixth Amendment’s speedy trial provision where only pre-indictment delay was involved.” (404 U.S. at p. 315 [92 S.Ct. at p. 460], fn. omitted.)
 

 The court considered also various state laws establishing speedy trial guarantees, and it found that most of these laws “are triggered only when a citizen is charged or accused.”
 
 (Marion, supra,
 
 404 U.S. 307, 318 [92 S.Ct. 455, 462], fn. omitted.) Although no federal statute had been enacted to enforce the Sixth Amendment speedy trial provision, rule 48(b) of the Federal Rules of Criminal Procedure (18 U.S.C.) then “authorize[d] dismissal of an indictment, information, or complaint ‘[i]f there is unnecessary delay in presenting the charge to a grand jury or in filing an information
 
 *760
 
 against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial . . . .’
 
 The rule clearly is limited to post-arrest
 
 situations.” (404 U.S. at p. 319 [92 S.Ct. at p. 463], italics added.)
 

 Turning to the purposes of the Sixth Amendment speedy trial protection, the high court found that it was intended “ ‘to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself.’ ”
 
 (Marion, supra,
 
 404 U.S. 307, 320 [92 S.Ct. 455, 463].) The court then added:
 

 “Inordinate delay between arrest, indictment, and trial may impair a defendant’s ability to present an effective defense. But the major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused’s defense. To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant’s liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends. ... So viewed, it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.
 

 “Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge. But we decline to extend the reach of the amendment to the period prior to arrest. Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer.”
 
 (Marion, supra,
 
 404 U.S. 307, 320-321 [92 S.Ct. 455, 463-464], fn. omitted.)
 

 The court noted that there are “other mechanisms” to guard against possible or actual prejudice resulting from delay between crime and arrest or charge.
 
 (Marion, supra,
 
 404 U.S. 307, 322 [92 S.Ct. 455, 464].) These “other mechanisms” include statutes of limitations and the Fifth Amendment’s guarantee of due process. “There is . . .no need to press the Sixth Amendment into service to guard against the mere possibility that pre-accusation delays will prejudice the defense in a criminal case since statutes of limitation already perform that function.” (404 U.S. at p. 323 [92 S.Ct. at p. 465].) The due process clause of the Fifth Amendment may also apply when
 
 *761
 
 pretrial delay “caused substantial prejudice to [defendants’] rights to a fair trial. . . (404 U.S. at p. 324 [92 S.Ct. at p. 465].)
 

 Under the high court’s decision in
 
 Marion,
 
 the Sixth Amendment speedy trial guarantee begins to operate either on the filing of an indictment, information, “or other formal charge,” or when a suspect “has been arrested and held to answer.”
 
 (Marion, supra,
 
 404 U.S. 307, 321 [92 S.Ct. 455, 464].) Later decisions of the United States Supreme Court confirm that either event is sufficient. In
 
 Doggett v. United States, supra,
 
 505 U.S. 647, the court held that the Sixth Amendment speedy trial protection attached when the defendant was indicted, even though he was not arrested and was apparently unaware of the indictment until more than eight years later. In
 
 Dillingham v. United States
 
 (1975) 423 U.S. 64 [96 S.Ct. 303, 46 L.Ed.2d 205], the court held that the Sixth Amendment speedy trial protection attached when the defendant was arrested and released on bond, even though he was not indicted until 22 months later. (See also
 
 United States
 
 v.
 
 Palmer
 
 (5th Cir. 1974) 502 F.2d 1233, 1234, revd.
 
 sub nom. Dillingham
 
 v.
 
 United States, supra,
 
 423 U.S. 64 [providing additional factual details].)
 

 Here, defendant does not contend that her Sixth Amendment speedy trial right attached upon her initial warrantless DUI arrest in September 1991, apparently because she was promptly released without bail and without any sort of probable cause determination by a magistrate. Rather, defendant contends that her Sixth Amendment right to speedy trial attached upon the filing of the felony complaint in September 1991 and the issuance of the arrest warrant in January 1992. She argues that the felony complaint was a “formal charge” and that the issuance of the arrest warrant, because it stopped the running of the statute of limitations, marked the commencement of the criminal prosecution. We are not persuaded.
 

 As defendant acknowledges, this court has previously held that “the filing of a [felony] complaint is by itself insufficient to trigger the protection of the right to a speedy trial under the federal Constitution.”
 
 (Hannon, supra,
 
 19 Cal.3d 588, 605-606.) Defendant asks that we reconsider this decision.
 

 In support of this request for reconsideration, defendant argues first that in
 
 Hannon, supra,
 
 19 Cal.3d 588, this court misinterpreted that part of the United States Supreme Court’s decision in
 
 Marion, supra,
 
 404 U.S. 307, stating that the Sixth Amendment’s speedy trial protection engages either when the defendant is charged by “a formal indictment or information” or when the defendant is subjected to “the actual restraints imposed by arrest and holding to answer a criminal charge.”
 
 (Marion, supra,
 
 at p. 320 [92 S.Ct. at p. 463].) In
 
 Hannon,
 
 this court focused in particular on the phrase
 
 *762
 
 “holding to answer a criminal charge.” We reasoned: “It may well be that the Supreme Court’s language simply reflects a dissimilarity in labels between our state’s prosecutorial procedures and those in other jurisdictions. On the other hand, our perception is that the phrase ‘holding to answer’ is generally accepted to refer in a technical sense, as it does in California, to the decision of a magistrate to bind a defendant over for trial following a preliminary hearing. Thus we conclude that the Supreme Court intended by its use of the foregoing phrase to hold that the filing of a complaint is by itself insufficient to trigger the protection of the right to a speedy trial under the federal Constitution.”
 
 (Hannon, supra,
 
 19 Cal.3d 588, 605-606.)
 

 Defendant submits that in
 
 Marion, supra,
 
 404 U.S. 307, the United States Supreme Court did not use the term “holding to answer” to refer
 
 only
 
 to the decision of a magistrate after a preliminary hearing binding a defendant over for trial, but rather to any continuing restraint imposed upon an arrested defendant, such as incarceration or release subject to bail.
 

 In light of later high court decisions, we agree with defendant that this court in
 
 Hannon, supra,
 
 19 Cal.3d 588, construed too narrowly the phrase “holding to answer” in
 
 Marion, supra,
 
 404 U.S. 307. In
 
 Dillingham v. United States, supra,
 
 423 U.S. 64
 
 (Dillingham),
 
 the court held that the federal Constitution’s speedy trial protection attached when the defendant was arrested and released on bond, even though he was not indicted until 22 months later. Nothing in the court’s opinion in
 
 Dillingham
 
 suggests that a preliminary hearing was held before the defendant was released on bond. The court stated that “the Government constituted petitioner an ‘accused’ when it arrested him and thereby commenced its prosecution of him.”
 
 (Dillingham, supra,
 
 at p. 65 [96 S.Ct. at p. 303].) The court noted that “ ‘[t]o legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime.’ ”
 
 (Ibid.,
 
 quoting
 
 Marion, supra,
 
 404 U.S. 307, 320 [92 S.Ct. 455, 463].) Thus, insofar as a probable cause determination may be required for the federal Constitution’s speedy trial right to attach upon arrest, it appears that a magistrate makes a sufficient probable cause determination when issuing an arrest warrant (see Pen. Code, §§ 813, 817), or when authorizing the continued detention of a defendant arrested without a warrant (see
 
 County of Riverside
 
 v.
 
 McLaughlin
 
 (1991) 500 U.S. 44 [111 S.Ct. 1661, 114 L.Ed.2d 49]), or when authorizing the defendant’s release subject to bail. Stated another way, it appears that the right attaches upon arrest
 
 unless
 
 the defendant is released without restraint or charges are dismissed. (See
 
 United States v. Loud Hawk
 
 (1986) 474 U.S. 302, 311 [106 S.Ct. 648, 654, 88 L.Ed.2d 640] [6th Amend. speedy trial right did not apply “after respondents were freed without restraint”];
 
 United States
 
 v.
 
 MacDonald
 
 (1982) 456 U.S. 1, 8 [102 S.Ct. 1497, 1502, 71 L.Ed.2d 696]
 
 *763
 
 [“Once charges are dismissed, the speedy trial guarantee is no longer applicable”]; see also
 
 U.S. v. Sorrentino
 
 (2d Cir. 1995) 72 F.3d 294, 297;
 
 U.S. v. Stierwalt
 
 (8th Cir. 1994) 16 F.3d 282, 284;
 
 United States
 
 v.
 
 Kidd
 
 (9th Cir. 1984) 734 F.2d 409, 412;
 
 State
 
 v.
 
 Harris
 
 (1978) 37 Or.App. 431, 435-436 [587 P.2d 498, 501];
 
 State v. Austin
 
 (R.I. 1994) 643 A.2d 798, 800, fn. 1;
 
 State v. Boseck
 
 (1986) 45 Wash.App. 62, 65-66 [723 P.2d 1182, 1184-1185]; 2 ABA Stds. for Crim. Justice (2d ed. 1980) com. to std. 12-2.2, p. 12.20 [proposing that a defendant is “held to answer” for speedy trial purposes when “brought before a judicial officer on some allegation of a crime or crimes (not necessarily a charge, as heretofore defined) upon which that judicial officer orders the defendant thereafter held in custody or released on bail or recognizance”].)
 

 Although this court used flawed reasoning in
 
 Hannon, supra,
 
 19 Cal.3d 588, it does not necessarily follow that we were wrong in concluding that the federal Constitution’s speedy trial right does not attach upon the filing of a state felony complaint. Upon reexamination, we remain persuaded that a felony complaint is insufficient to trigger the Sixth Amendment speedy trial right. Although at first glance a felony complaint may appear to be a “formal charge,” it is not a document upon which a defendant may be subjected to trial.
 

 We noted this limitation of felony complaints in
 
 Serna v. Superior Court, supra,
 
 40 Cal.3d 239, in which we held that the filing of a
 
 misdemeanor complaint
 
 does trigger the protection of the federal Constitution’s speedy trial right. We explained: “A felony complaint, unlike a misdemeanor complaint, does not confer trial jurisdiction. It invokes only the authority of a magistrate, not that of a trial court. ([Pen. Code,] § 806.) . . . The felony complaint functions to bring the defendant before a magistrate for an examination into whether probable cause exists to formally charge him with a felony. Only if probable cause exists may an information invoking the trial jurisdiction of the superior court be filed. In addition, the filing of a felony complaint, unlike indictment or accusation by information, does not threaten oppressive pretrial incarceration. The time constraints within which the preliminary hearing must be conducted or the complaint dismissed and the defendant released ([Pen. Code,] § 859b) ensure that the defendant is not subjected to extended anxiety or public opprobrium, and by giving the defendant immediate notice of the charge and opportunity to defend avoid prejudice to the defense. This step, preliminary to formal accusation in the court with jurisdiction over the prosecution of the charge, does not implicate the Sixth Amendment right to speedy trial if our interpretation of
 
 Marion[, supra,
 
 404 U.S. 307] is correct. The misdemeanor complaint, by contrast, is not a preliminary accusation. It is a formal charge, an accusatory pleading
 
 *764
 
 giving the court jurisdiction to proceed to trial.”
 
 (Serna
 
 v.
 
 Superior Court, supra,
 
 40 Cal.3d 239, 257, fn. omitted; see also
 
 United States
 
 v.
 
 MacDonald, supra,
 
 456 U.S. 1, 10 [102 S.Ct. 1497, 1503] [finding speedy trial right did not attach because “there was no criminal prosecution pending on which [the defendant] could have been tried until the grand jury . . . returned the indictment on which he was tried and convicted”].)
 

 Thus, while we agree with defendant that the label of an accusatory pleading is not determinative, we conclude that a pleading does not constitute a “formal charge” for purposes of attaching the federal Constitution’s speedy trial right unless the pleading is a formal accusation upon which a defendant may be brought to trial in the court with jurisdiction over prosecution of the offenses alleged. (See
 
 Favors v. Eyman
 
 (9th Cir. 1972) 466 F.2d 1325, 1327-1328;
 
 Pharm
 
 v.
 
 Hatcher
 
 (7th Cir. 1993) 984 F.2d 783, 785-786;
 
 Steeley v. City of Gadsden
 
 (Ala.Crim.App. 1988) 533 So.2d 671, 679;
 
 State v. Mouser
 
 (Alaska Ct.App. 1991) 806 P.2d 330, 339;
 
 State v. Medina
 
 (1997) 190 Ariz. 418, 420-421 [949 P.2d 507, 509-510];
 
 State
 
 v.
 
 Gee
 
 (1984) 298 Md. 565, 573-574 [471 A.2d 712, 716];
 
 Dillard
 
 v.
 
 State
 
 (Mo.Ct.App. 1996) 931 S.W.2d 157, 161-162.) In California state criminal prosecutions, a felony complaint is not such a pleading.
 

 Defendant argues that even if, as we have here concluded, a felony complaint by itself is not sufficient to bring into operation the Sixth Amendment’s right to a speedy trial, the right attaches upon the issuance of an arrest warrant after the filing of a felony complaint, because this event terminates the protection afforded the defendant under the applicable statute of limitations. We disagree.
 

 In 1977, when this court decided
 
 Hannon, supra,
 
 19 Cal.3d 588, the statute of limitations for most felonies continued to run until the filing of an indictment or information or until the case was certified to the superior court on a plea of guilty or nolo contendere. (Pen. Code, former § 800; see Stats. 1975, ch. 1047, § 1, p. 2466.) Since 1981, however, the general felony statute of limitations may be satisfied also by the issuance of an arrest or bench warrant. (Pen. Code, § 804, subd. (d); see Uelmen,
 
 Making Sense out of the California Criminal Statute of Limitations
 
 (1983) 15 Pacific L.J. 35, 43-44.) Defendant argues, in essence, that because issuance of an arrest warrant terminates her protection under the statute of limitations, it must also begin her protection under the Sixth Amendment’s speedy trial provision.
 

 In
 
 Marion,
 
 the United States Supreme Court observed that criminal defendants are generally protected by the statute of limitations during the prearrest
 
 *765
 
 and preaccusation stages when the Sixth Amendment speedy trial guarantee has not yet engaged.
 
 (Marion, supra,
 
 404 U.S. 307, 322-323 [92 S.Ct. 455, 464-465].) But the court also indicated that “the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to [defendants’] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.”
 
 (Id.
 
 at p. 324 [92 S.Ct. at p. 465], fn. omitted.) Thus, due process guarantees span any gap between the end of protection under the statute of limitations and the beginning of protection under the Sixth Amendment’s right of speedy trial. Like other courts that have considered the issue
 
 (Pharm v. Hatcher, supra,
 
 984 F.2d 783, 786, fn. 3;
 
 State v. Crawford
 
 (1987) 202 Conn. 443, 452, fn. 13 [521 A.2d 1034, 1039, 71 A.L.R.4th 543];
 
 State v. Utley
 
 (Tenn. 1997) 956 S.W.2d 489, 493-494), we conclude that an event, such as issuance of an arrest warrant, may commence a criminal prosecution for purposes of the statute of limitations without engaging the protection of the Sixth Amendment’s speedy trial clause.
 

 Accordingly, we conclude that in this case defendant’s speedy trial right under the federal Constitution’s Sixth Amendment did not attach upon the filing of the felony complaint or the issuance of the arrest warrant, but only upon the filing of the information.
 

 IV
 

 Under our state Constitution, “[t]he defendant in a criminal cause has the right to a speedy public trial . . . .” (Cal. Const., art. I, § 15, cl. 1.) Although similar in wording and spirit to the federal Constitution’s speedy trial guarantee, the state Constitution’s guarantee has independent force and operates somewhat differently from the federal provision. (See
 
 Hannon, supra,
 
 19 Cal.3d 588, 606.)
 

 Under the
 
 federal
 
 Constitution, as we have seen, the speedy trial right does not attach upon the filing of a felony complaint, but only upon either arrest with continuing restraint or the filing of an indictment, an information, or a complaint charging a misdemeanor. Under the
 
 state
 
 Constitution, by contrast, the filing of a felony complaint is sufficient to trigger speedy trial protection.
 
 (People
 
 v.
 
 Hill, supra,
 
 37 Cal.3d 491, 497, fn. 3;
 
 Hannon, supra,
 
 19 Cal.3d 588, 607-608.)
 

 Another difference is in the showing required to demonstrate a speedy trial violation. Under
 
 the federal
 
 Constitution, the defendant need not identify any specific prejudice from an unreasonable delay in bringing the
 
 *766
 
 defendant to trial after the speedy trial right has attached.
 
 (Moore
 
 v.
 
 Arizona, supra,
 
 414 U.S. 25, 26 [94 S.Ct. 188, 189-190].) Instead, delay that is “uncommonly long” triggers a presumption of prejudice, with the presumption intensifying as the length of the delay increases.
 
 (Doggett v. United States, supra,
 
 505 U.S. 647, 651-652, 656-657 [112 S.Ct. 2686, 2690-2691, 2693-2694].)
 

 Under the
 
 state
 
 Constitution, by comparison, the showing that the defendant must make depends upon whether the allegedly unreasonable delay occurred before or after the defendant’s statutory speedy trial rights attached. The statutory speedy trial provisions, Penal Code sections 1381 to 1389.8, are “supplementary to and a construction of’ the state constitutional speedy trial guarantee.
 
 (People
 
 v.
 
 Godlewski
 
 (1943) 22 Cal.2d 677, 682 [140 P.2d 381]; accord,
 
 Barker v. Municipal Court
 
 (1966) 64 Cal.2d 806, 811 [51 Cal.Rptr. 921, 415 P.2d 809];
 
 People v. Wilson
 
 (1963) 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452].) Penal Code section 1382, subdivision (a), provides that a court “shall order the action to be dismissed” if an information is not filed within 15 days after the accused “has been held to answer for a public offense,” or if a defendant charged with a felony “is not brought to trial within 60 days of the defendant’s arraignment on an indictment or information . . . .” No affirmative showing of prejudice is necessary to obtain a dismissal for violation of the state constitutional speedy trial right
 
 as construed and implemented by statute. (Sykes v. Superior Court
 
 (1973) 9 Cal.3d 83, 89 [106 Cal.Rptr. 786, 507 P.2d 90].) Instead, “an unexcused delay beyond the time fixed in section 1382 of the Penal Code without defendant’s consent entitles the defendant to a dismissal.”
 
 (People v. Godlewski, supra,
 
 at p. 682.)
 

 Because the state constitutional speedy trial right is self-executing and broader than its statutory implementation, a defendant may claim a violation of the state Constitution’s speedy trial right based on delay not covered by any statutory speedy trial provision.
 
 (Barker v. Municipal Court, supra,
 
 64 Cal.2d 806, 812.) Thus, a defendant charged with a felony may predicate a claimed speedy trial violation on delay occurring after the filing of the complaint and before the defendant was held to answer the charge in superior court. In this situation, when the claimed speedy trial violation is not also a violation of any statutory speedy trial provision, this court has generally required the defendant to affirmatively demonstrate that the delay has prejudiced the ability to defend against the charge. (See, e.g.,
 
 Crockett
 
 v.
 
 Superior Court
 
 (1975) 14 Cal.3d 433, 438-440 [121 Cal.Rptr. 457, 535 P.2d 321].) In particular, we have held that when a defendant seeks dismissal based on delay after the filing of the complaint and before indictment or holding to answer on felony charges, a court must weigh “the prejudicial
 
 *767
 
 effect of the delay on defendant against any justification for the delay.”
 
 (Hannon, supra,
 
 19 Cal.3d 588, 608; accord,
 
 People
 
 v.
 
 Hill, supra,
 
 37 Cal.3d 491, 496.) No presumption of prejudice arises from delay after the filing of the complaint and before arrest or formal accusation by indictment or information
 
 (Scherling
 
 v.
 
 Superior Court, supra,
 
 22 Cal.3d 493, 504, fn. 8); rather, the defendant seeking dismissal must affirmatively demonstrate prejudice
 
 (Serna v. Superior Court, supra,
 
 40 Cal.3d 239, 249).
 

 Defendant asks that we overrule the decisions declining to recognize a presumption of prejudice arising from postcomplaint delay, and that we instead adopt a rule that prejudice is presumed from any unreasonable delay after the state Constitution’s speedy trial right has attached.
 

 In support of her position, defendant argues that without a presumption of prejudice, the test for determining a violation of the state Constitution’s speedy trial provision will be identical to the test for determining a violation of the state Constitution’s due process provision (Cal. Const., art. I, § 15, cl. 7). Defendant maintains that use of the same test for these different constitutional rights is improper because it blurs the distinction between separate rights that protect separate interests. According to defendant, the due process guarantee protects the defendant against impairment of the ability to defend resulting from failing memories, loss or destruction of physical evidence, and the like, whereas the speedy trial guarantee protects the defendant against delay as such.
 

 We find defendant’s argument unpersuasive. Defendant is correct about the convergence of the tests for determining due process and speedy trial violations under the state Constitution. As this court has said, “regardless of whether defendant’s claim is based on a due process analysis or a right to a speedy trial not defined by statute, the test is the same, i.e., any prejudice to the defendant resulting from the delay must be weighed against justification for the delay.”
 
 (Scherling v. Superior Court, supra,
 
 22 Cal.3d 493, 505, fn. omitted.) But we find nothing improper in this convergence when, as here, the two separate constitutional rights are protecting the same interest.
 

 Defendant is correct that the right of due process protects a criminal defendant’s interest in fair adjudication by preventing unjustified delays that weaken the defense through the dimming of memories, the death or disappearance of witnesses, and the loss or destruction of material physical evidence. (See
 
 United States v. Lovasco
 
 (1977) 431 U.S. 783, 790 [97 S.Ct. 2044, 2048-2049, 52 L.Ed.2d 752].) But this very same interest is one of three that this court has identified as protected by the speedy trial right. The
 
 *768
 
 state Constitution’s speedy trial guarantee “ ‘protects the accused . . . against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and ... it prevents him from being “exposed to the hazard of a trial, after so great a lapse of time” that “the means of proving his innocence may not be within his reach”—as, for instance, by the loss of witnesses or the dulling of memory.’ [Citations.]”
 
 (Barker v. Municipal Court, supra,
 
 64 Cal.2d 806, 813; see also
 
 Marion, supra,
 
 404 U.S. 307, 320 [92 S.Ct. 455, 463] [identifying same three purposes for federal speedy trial right].)
 

 When the defendant has been arrested, detained, and publicly accused, all three of these interests are implicated. To effectively protect these interests, the defendant may invoke either the federal Constitution’s speedy trial guarantee or the state statutory speedy trial provisions without being required to affirmatively demonstrate prejudice. When, on the other hand, the defendant is not subject to restraints following arrest and has not been held to answer or formally charged in the court having jurisdiction to try the offense or offenses alleged, the first two concerns are implicated little or not at all,
 
 [1]
 
 and the state Constitution’s speedy trial guarantee serves primarily the interest in fair adjudication, the very same interest that the due process guarantee serves. Because in this situation the state Constitution’s due process and speedy trial guarantees converge in protecting the same interest of the accused, we consider it entirely appropriate, and not a proper ground of objection, that courts use the same test to determine whether these constitutional rights have been violated. Accordingly, we decline to overrule our prior decisions requiring a defendant to affirmatively demonstrate prejudice to establish a speedy trial claim under the state Constitution for delay occurring after the filing of a felony complaint but before attachment of the defendant’s statutory speedy trial rights.
 

 V
 

 Finally, defendant contends that the trial court erred in not ruling before trial on defendant’s motion to dismiss on speedy trial grounds.
 
 *769
 
 Defendant points out that because the trial court declined to rule on her speedy trial claim before the jury determined her guilt of the charge, she was denied an opportunity for pretrial appellate review of the trial court’s ruling. This is significant because, she claims, the standard of review that appellate courts use in pretrial writ proceedings is more favorable to defendants than the standard they use in appeals from judgments after conviction.
 

 In support of this argument, defendant relies on
 
 People
 
 v.
 
 Wilson, supra,
 
 60 Cal.2d 139, and
 
 People
 
 v.
 
 Johnson
 
 (1980) 26 Cal.3d 557 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]. But both of those decisions concerned a claimed denial of a
 
 statutory
 
 speedy trial right. For statutory speedy trial claims, defendant is correct that the standard of review that appellate courts use in pretrial writ proceedings is more favorable than the standard they use in appeals from judgments after conviction. As we have explained, no affirmative showing of prejudice is necessary to obtain a dismissal for violation of the state constitutional speedy trial right
 
 as construed and implemented by statute. (Sykes v. Superior Court, supra, 9
 
 Cal.3d 83, 89.) Because prejudice is not an issue, a trial court ordinarily should rule on a statutory speedy trial claim, and the defendant should seek appellate review of denial of such a claim, before the trial is held. Prejudice becomes an issue for a statutory speedy trial claim only when the defendant waits until after the judgment to obtain appellate review. “[O]nce a defendant has been tried and convicted, the state Constitution in article VI, section 13, forbids reversal for nonprejudicial error,” and so on appeal from a judgment of conviction a defendant asserting a statutory speedy trial claim must show that the delay caused prejudice, even though the defendant would not be required to show prejudice on pretrial appellate review.
 
 (People
 
 v.
 
 Johnson, supra,
 
 at p. 575.)
 

 For speedy trial claims under the state Constitution not based on statute, like defendant’s claim here, a demonstration of prejudice is required whether the trial court determines the issue before or after trial or verdict, and the standard of review for a ruling on such a claim is the same whether appellate review occurs before or after judgment.
 

 When a speedy trial claim requires a demonstration of prejudice, the trial court has discretion to defer hearing the motion until after the trial: “It is proper for the trial court to wait to appraise the reasonableness of the delay in light of what would be disclosed at and after the trial, which places [the court] in an excellent position to rule on a renewed motion.”
 
 (People v. Archerd
 
 (1970) 3 Cal.3d 615, 641 [91 Cal.Rptr. 397, 477 P.2d 421].) As the Court of Appeal here observed: “A trial court may conclude that the motion to dismiss is best considered after trial, at which time it has the opportunity
 
 *770
 
 to determine whether material witnesses were missing or had poor memories or there was other prejudice caused by postcomplaint delay in the context of the case as a whole.”
 

 Defendant argues that because she was relying on a presumption of prejudice, it was irrelevant whether the evidence at trial revealed actual prejudice. As we have determined, however, defendant was not entitled to a presumption of prejudice because the delay at issue occurred after the filing of the felony complaint but before defendant’s preliminary hearing. Because an affirmative demonstration of prejudice was essential to defendant’s speedy trial claim under the state Constitution, the trial court acted within its discretion in ruling on the motion only after the completion of the trial. Defendant does not here challenge the conclusion of the trial court and the Court of Appeal that she failed to demonstrate actual prejudice.
 

 The Court of Appeal’s judgment is affirmed.
 

 George, C. J., Mosk, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.
 

 Appellant’s petition for a rehearing was denied May 17, 2000.
 

 [1]
 

 If a felony complaint has been filed but an arrest warrant has not issued, the statute of limitations protects the defendant against excessive delay, without the need to demonstrate prejudice. If a felony complaint has been filed and an arrest warrant has issued, and the defendant is aware of the complaint and therefore anxious about the pending charges, the defendant may surrender on the warrant, thereby triggering statutory requirements for a speedy arraignment on the complaint (Pen. Code, § 859) and a speedy preliminary hearing
 
 (id.,
 
 § 859b), after which the defendant, if held to answer, will be protected against unreasonable delay by the statutory speedy trial provisions
 
 (id.,
 
 § 1382), all without any need to affirmatively demonstrate prejudice. Thus, as a practical matter, a defendant is required to affirmatively demonstrate prejudice in support of a state speedy trial claim only if the delay occurred during a time when the defendant was either unaware of a pending felony complaint and arrest warrant or chose not to take any action that would trigger the statutory speedy trial provisions.