Opinion
THE COURT.*
This cause having been argued and submitted and fully considered, the appellate division rules as follows:
The People charged defendant with failing to register as a sex offender pursuant to Penal Code section 290.013, subdivision (a), a misdemeanor. The People appeal from the trial court’s order dismissing the charge against defendant for violation of defendant’s Sixth Amendment speedy trial right.
Although no evidence was taken, the trial court decided the matter based on limited, but apparently undisputed, facts. On May 18, 2010, a Department of Veterans Affairs police officer in Oakland arrested defendant for failure to register. Defendant was cited and released the same day. Concord Police Detective Werk met with defendant, helped him file a current registration, and reported the incident.
On November 12, 2010, the People filed a complaint charging defendant with failing to register and update his contact information pursuant to Penal Code section 290.013, subdivision (a). On the same day, the court mailed a notice to appear on January 3, 2011, but the notice was returned to the court undelivered.
*Supp. 4 When defendant failed to appear for arraignment on January 3, 2011, the court issued a bench warrant.
On June 29, 2011, the sheriff arrested defendant on the warrant. He made his first appearance June 30, 2011.
The issue presented is whether defendant’s right to a speedy trial under the United States Constitution attached at the time of his May 18, 2010, misdemeanor arrest and cite release. If so, the delay of more than one year between that arrest and defendant’s first appearance in court on June 30, 2011, triggers the speedy trial analysis and a presumption of prejudice.
The Sixth Amendment provides that “[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . .” (U.S. Const., 6th Amend.) Thus, “the protection of the Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been ‘accused’ in the course of that prosecution.” (United States v. Marion (1971) 404 U.S. 307, 313 [30 L.Ed.2d 468, 92 S.Ct. 455] (Marion).)
The Sixth Amendment can be triggered by either the filing of charges or by the defendant’s arrest with continuing restraint. In Marion, the court stated, in the context of a felony, “it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.” (Marion, supra, 404 U.S. at p. 320.)
For purposes of determining whether the filing of charges activates the Sixth Amendment speedy trial right, the distinction between felonies and misdemeanors is critical. In a felony case, the filing of a complaint does not trigger the clock; only the filing of an indictment or information triggers the speedy trial right because it confers jurisdiction on the court to try the felony. (People v. Martinez (2000) 22 Cal.4th 750, 763 [94 Cal.Rptr.2d 381, 996 P.2d 32] (Martinez); People v. Hannon (1977) 19 Cal.3d 588, 605-606 [138 Cal.Rptr. 885, 564 P.2d 1203].)
In Serna v. Superior Court (1985) 40 Cal.3d 239, 252-253 [219 Cal.Rptr. 420, 707 P.2d 793] (Serna), the California Supreme Court held that, in a misdemeanor case, the federal speedy trial right is triggered by the filing of a misdemeanor complaint. In Serna, a complaint filed September 29, 1978, charged the defendant with misdemeanor embezzlement. He was not arrested until more than four years later. In holding that, in a misdemeanor case, the filing of a complaint triggers the speedy trial clock, the court relied on Marion and other United States Supreme Court cases addressing the application of the Sixth Amendment speedy trial right in felony cases. The court *Supp. 5 held, based on Marion and the other cases, that a misdemeanor complaint is a formal charge that confers on the court jurisdiction to proceed to trial and, therefore, implicates the speedy trial right. (Serna, supra, 40 Cal.3d at p. 257.)
The court stated, “We are persuaded by the repeated reference in decisions of the United States Supreme Court to formal accusation or charge, and by the acceptance of that interpretation of Marion by the courts of other jurisdictions, that the Sixth Amendment right to speedy trial attaches in misdemeanor prosecutions, as it does in felonies, with the filing of the accusatory pleading, here a misdemeanor complaint, or arrest, whichever is first.” (Serna, supra, 40 Cal.3d at p. 262.)
The Serna court’s reference to “arrest” is clearly dictum. In Serna the filing of the misdemeanor complaint triggered the speedy trial clock and preceded the arrest by four years. Therefore the date of arrest was irrelevant to the determination of when the speedy trial right attached on the facts of that case. The court had no occasion to address the question here—when, and under what circumstances, an arrest implicates the defendant’s Sixth Amendment speedy trial right.
Several authorities have quoted the Serna dictum without analysis. (E.g., Ogle v. Superior Court (1992) 4 Cal.App.4th 1007, 1016-1017 [6 Cal.Rptr.2d 205]; People v. Alvarado (1997) 60 Cal.App.4th Supp. 1, 3 [72 Cal.Rptr.2d 209]; see Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar 2012) § 19.5, pp. 479-481.) Those cases are no more helpful than the dictum they cite.
Other more recent cases have employed the Marion language requiring an arrest with “actual restraints” or “continuing restraints” before the speedy trial right will attach. (E.g., People v. DePriest (2007) 42 Cal.4th 1, 26 [63 Cal.Rptr.3d 896, 163 P.3d 896] [“ ‘arrest with continuing restraint’ ”]; People v. Horning (2004) 34 Cal.4th 871, 891 [22 Cal.Rptr.3d 305, 102 P.3d 228] [“actual restraint”]; Martinez, supra, 22 Cal.4th 750, 761-763, 765 [“Under the federal Constitution, as we have seen, the speedy trial right does not attach upon the filing of a felony complaint, but only upon either arrest with continuing restraint or the filing of an indictment, an information, or a complaint charging a misdemeanor.” (italics added)]; People v. Shane (2004) 115 Cal.App.4th 196, 202 [8 Cal.Rptr.3d 753] [“Under the federal Constitution, the right attaches upon either an arrest with continuing restraint or the filing of a complaint charging a misdemeanor.”].)
In none of these cases, however, was the court’s holding based on the date of arrest. The quoted language in these cases, as in Serna, is therefore dicta.
*Supp. 6 Two cases have been decided based on the definition of an arrest. In Dillingham v. United States (1975) 423 U.S. 64, 65 [46 L.Ed.2d 205, 96 S.Ct. 303] (Dillingham), the court held that a defendant who had been arrested on a felony and released on bail became an “accused” because the government had commenced its prosecution of him. (Martinez, supra, 22 Cal.4th at p. 761.) The court cited Marion and quoted its “actual restraints” language. (Dillingham, supra, 423 U.S. at p. 65.) In People v. Horning, supra, 34 Cal.4th at page 891, a defendant who was serving a sentence in Arizona was not “actually restrained” on California charges despite the fact that the People had filed a felony complaint and sent a letter and copy of an arrest warrant to Arizona officials “ ‘for use as a detainer.’ ” The defendant’s speedy trial right, therefore, did not attach as a result of these actions.
While the distinction between felonies and misdemeanors is key in determining which charging document confers jurisdiction on the trial court and, therefore, begins the speedy trial clock, there is no distinction in the case law between an arrest on a misdemeanor and an arrest on a felony. An arrest that precedes the filing of a charging document begins the speedy trial clock only if the arrest comes with “actual” or “continuing” restraint. (Marion, supra, 404 U.S. at p. 320; Martinez, supra, 22 Cal.4th at pp. 761-763.)
In Martinez, the defendant was arrested for driving under the influence of alcohol, a misdemeanor. (Martinez, supra, 22 Cal.4th at p. 756.) She provided an address and was promptly released without bail and without any sort of probable cause determination by a magistrate. (Martinez, supra, 22 Cal.4th at pp. 756, 761.) Ten days later, the district attorney filed a felony complaint charging the defendant with driving under the influence and alleging four prior “DUI” convictions. A notice to appear was sent to the address given by the defendant. When she failed to appear for arraignment, the magistrate issued a warrant for her arrest. She was not arrested for three years and 10 months. (Martinez, supra, 22 Cal.4th at p. 756.) The court held the defendant’s Sixth Amendment speedy trial right did not attach upon filing of the complaint or issuance of an arrest warrant, but only upon the filing of the information. (Martinez, supra, 22 Cal.4th at p. 765.)
The Martinez court noted that the Sixth Amendment speedy trial right attached in Dillingham when a defendant was arrested and released on bond, even though he was not indicted until 22 months later. (Martinez, supra, 22 Cal.4th at p. 761, citing Dillingham, supra, 423 U.S. 64.) The court explained: “Thus, insofar as a probable cause determination may be required for the federal Constitution’s speedy trial right to attach upon arrest, it appears *Supp. 7 that a magistrate makes a sufficient probable cause determination when issuing an arrest warrant. . . , or when authorizing the continued detention of a defendant arrested without a warrant . . . , or when authorizing the defendant’s release subject to bail. Stated another way, it appears that the right attaches upon arrest unless the defendant is released without restraint or charges are dismissed. (See United States v. Loud Hawk (1986) 474 U.S. 302, 311 [88 L.Ed.2d 640, 106 S.Ct. 648] [6th Amend. speedy trial right did not apply ‘after respondents were freed without restraint’]; United States v. MacDonald (1982) 456 U.S. 1, 8 [71 L.Ed.2d 696, 102 S.Ct. 1497] [‘Once charges are dismissed, the speedy trial guarantee is no longer applicable’].” (Martinez, supra, 22 Cal.4th at pp. 762-763, citations omitted, original italics.)
Although the defendant in Martinez was ultimately charged with a felony, the sequence of her arrest, release, and subsequent charge is parallel to the present case. The defendant in the present case was arrested on a misdemeanor and cite released without bail or other apparent restraint. Between May 18 and November 12, 2010, the defendant was neither on bail nor charged with a crime. If the defendant had failed to appear on the date noted in the cite release, and no complaint had been filed, the court would have had no basis for issuing an arrest warrant. The defendant’s status in the present case was more analogous to that of the defendant in Martinez than the defendant on bail in Dillingham.
The trial court’s conclusion, based on dictum in Serna, that any misdemeanor arrest—even when followed by immediate cite release without bail or restraint—triggers the Sixth Amendment speedy trial right cannot be reconciled with MacDonald, Loud Hawk, and Martinez. The fact that these cases involve felony rather than misdemeanor charges does not dilute their conclusions that an arrest without restraint does not implicate the Sixth Amendment speedy trial right. Indeed, the reasoning of Serna itself was based almost entirely on felony cases.
Based on the record before us, the evidence does not indicate that defendant was required to post bail, was placed under any conditions of release, was restricted from travel, or otherwise suffered any of the actual restraints that normally accompany an arrest when charges are pending. Absent such actual restraints, the Sixth Amendment speedy trial right did not attach. The defendant’s speedy trial right attached when he was charged by misdemeanor complaint on November 12, 2010. He was arraigned June 30, 2011, well within a year. The presumption of prejudice did not apply in this case.
*Supp. 8 The trial court’s order dismissing the complaint is reversed and the case is remanded for further proceedings.

 Kennedy, P. J., Baskin, J., and Landau, J.