Filed 3/28/14  P. v. Varela CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E057429 |
| v. | (Super.Ct.No. RIF200550) |
| VICTOR MANUEL LOPEZ VARELA, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Reversed with directions.

Paul E. Zellerbach, District Attorney, Matt Reilly, Deputy District Attorney, for Plaintiff and Appellant.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Respondent.

1

## FACTS AND PROCEDURE

On August 24, 2008, defendant Victor Manuel Lopez Varela received a citation for misdemeanor driving under the influence and drunk driving. He signed a promise to appear in court on November 20, 2008.

On November 17, 2008, the People filed a misdemeanor complaint charging defendant with driving under the influence and driving with a blood alcohol concentration over the legal limit. (Veh. Code, § 23152, subds. (a) & (b).) The complaint alleged defendant had two prior convictions for driving under the influence.

On November 20, 2008, defendant failed to appear. The court issued a bench warrant for defendant's arrest, with bail set at $2,500.

On January 31, 2012, defendant was arraigned on the misdemeanor complaint, entered a not guilty plea to both charges, and denied the prior conviction allegations. Defendant was remanded into custody.

On February 28, 2012, the People moved to dismiss the misdemeanor complaint in the interests of justice. (Pen. Code, § 1385.) The court[1] granted the motion. On that same date, the People refiled the charges in a felony complaint,[2] including the prior conviction allegations, along with a misdemeanor charge of driving with a suspended license. (Veh. Code, § 14601.2, subd. (a).) Defendant was arraigned and pled not guilty. Bail was increased to $60,000.

---

[1] The Honorable Rafael A. Arreola presided.

[2] The People apparently discovered defendant had prior convictions that allowed the charges to be filed as felonies.

On July 13, 2012, defendant filed a motion to dismiss the felony complaint for violation of the right to a speedy trial. The key facts set forth in the motion were that defendant was arraigned three years, two months after the misdemeanor complaint was filed, and three years, five months after the citation. The People filed its opposition on July 27, 2012. The hearing on the motion was held on August 1, 2012. The trial court[3] granted defendant's motion, reasoning, "it is unreasonable to have destroyed the blood within one year. That prejudices the guy. Motion granted." The People then sought to clarify the standard the court used.

"[PEOPLE]: Your Honor, clarification. I just want to make sure. Are we evaluating under misdemeanor *Serna*[4] or evaluating under *Jones*,[5] for our clarification?

"THE COURT: I'm treating it as the misdemeanor it was up until January of 2012.

"[PEOPLE]: Under the *Barker*/*Wingo*?[6]

"THE COURT: Yes. I find all of those factors apply anyway. So the filing of the felony doesn't make it any different. Misdemeanor wouldn't have changed my ruling."

---

[3] The Honorable Helios J. Hernandez presided.

[4] *Serna v. Superior Court* (1985) 40 Cal.3d 239.

[5] *Jones v. Superior Court* (1970) 3 Cal.3d 734.

[6] *Barker v. Wingo* (1972) 407 U.S. 514 (*Barker*).

On August 31, 2012, the court[7] heard the People's motion under Penal Code section 871.5[8] to reinstate the felony complaint. The People argued, as they do in this appeal, that the court improperly used the wrong legal test, the four-part *Barker* test under the federal standard, rather than the three-part test under the state standard, when it granted defendant's speedy trial motion. The People argued the court did not engage in the correct balancing of actual prejudice against the People's justification for the delay— defendant's failure to appear—as required by law. The court denied the motion.

This appeal of the August 1 order dismissing the complaint followed.

## DISCUSSION

The People argue the trial court abused its discretion when it dismissed the felony complaint because it used the more lenient federal speedy trial test rather than the more stringent state test. Defendant responds that the court considered the factors under both the federal and state tests and arrived at the correct conclusion. As discussed below, the trial court emphatically stated that it was treating the case as a misdemeanor case and analyzed it under the federal speedy trial test. This was error because the only operable complaint at that time was the felony complaint, which was filed on February 28, 2012, the same date the court dismissed the misdemeanor complaint.

---

[7] The Honorable H.A. Skip Staley presided.

[8] Penal Code section 871.5 provides in subdivision (a) that: "When an action is dismissed by a magistrate . . . . the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint or a portion thereof and to reinstate the custodial status of the defendant under the same terms and conditions as when the defendant last appeared before the magistrate."

4

A trial court's ruling on a motion to dismiss is generally reviewed for abuse of discretion. (Cf. *People v. Morris* (1988) 46 Cal.3d 1, 38, overruled on other grounds in *People v. Sassounian* (1995) 9 Cal.4th 535, 543; *People v. Vila* (1984) 162 Cal.App.3d 76, 88.) "We are mindful that an appellate court may not merely substitute its own view as to the proper decision for that of the trial judge and, in a case such as this, the mere fact that the trial judge would have been fully justified in denying the motion is not sufficient to warrant a reversal; but a reversal is in order if it appears the trial court abused its discretion. '. . . all exercises of legal discretion must be grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue.' [Citation.]" (*People v. Superior Court* (*Lerma*) (1975) 48 Cal.App.3d 1003, 1007.)

To the extent that the determination of the motion to dismiss involves questions of fact, the trial court's factual findings are reviewed under the substantial evidence standard. (Cf. *People v. Cromer* (2001) 24 Cal.4th 889, 894.) When the determination depends upon resolution of legal issues, we review the matter de novo. Here, the primary issue is whether the trial court applied the appropriate legal standard in making its ruling. This presents a legal question subject to our independent review.

Both the federal and state Constitutions provide for the right to a speedy trial. (*People v. Martinez* (2000) 22 Cal.4th 750, 755.) When a defendant moves to dismiss for alleged violation of speedy trial rights, the court must apply the appropriate test, depending upon whether the claim is based upon the federal or the state right.

As defendant points out, for purposes of determining whether the filing of charges activates the federal Sixth Amendment right to a speedy trial, the distinction between felonies and misdemeanors is critical. (*People v. Williams* (2012) 207 Cal.App.4th Supp. 1, 4.) "In a felony case, the filing of a complaint does not trigger the clock; only the filing of an indictment or information triggers the speedy trial right because it confers jurisdiction on the court to try the felony. [Citations.]" (*Ibid.*) However, in *Serna v. Superior Court*, *supra*, 40 Cal.3d at pages 252 through 253, the California Supreme Court held that, in a misdemeanor case, the federal speedy trial right is also triggered by the filing of a misdemeanor complaint.

When the federal speedy trial right is involved, the court employs the balancing test outlined in *Barker v. Wingo, supra,* 407 U.S. 514: The court must consider the length of the delay, the reason for the delay, the defendant's assertion of the right, and prejudice to the defense caused by the delay. (*Id*. at p. 530, fn. 30.) A delay that is "uncommonly long" triggers a presumption of prejudice. (*Doggett v. United States* (1992) 505 U.S. 647, 651-652, 656-657.)

"Under the *state* Constitution's speedy trial right, however, no presumption of prejudice arises from delay . . . rather, in this situation a defendant seeking dismissal must affirmatively demonstrate prejudice [citation]." (*People v. Martinez*, *supra*, 22 Cal.4th at p. 755.) Once defendant establishes prejudice, the burden shifts to the People to show justification for the delay. (*Penney v. Superior Court* (1972) 28 Cal.App.3d 941, 951.) The court then weighs the actual prejudice to the defendant against the justification for the delay, viewed in light of: (1) the time involved; (2) who caused the delay; (3) the

6

purposeful aspect of the delay; (4) prejudice to the defendant; and (5) waiver by the defendant. (*People v. Dunn-Gonzalez* (1996) 47 Cal.App.4th 899, 911.) In this analysis, defendant's efforts to avoid arrest and/or an appearance in court would be factors in terms of who caused the delay and the purposeful aspect of the delay.

Here, on August 1, 2012, the trial court explicitly treated the action as a misdemeanor action for purposes of defendant's motion to dismiss, and used the federal speedy trial test:

"The other thing is this is a misdemeanor up until January 27th. So he's gone for a while from '08 until January of 2012. And it's a misdemeanor. Subsequent to January 2012, it was refiled as [a] felony. I am looking at this as a misdemeanor."

In addition, as set forth above, the court clarified at the prosecutor's request that the court was using the federal speedy trial test under *Barker* rather than the state speedy trial test.

Because the trial court had five months previously granted the People's motion to dismiss the misdemeanor action and the People refiled it as a felony complaint, the court was required to use the criteria for determining whether the People had violated defendant's state speedy trial rights. The court did not do this, and so we must reverse the August 1, 2012, dismissal order and remand for a hearing using the correct criteria.

## DISPOSITION

The order dismissing the felony complaint below is reversed. The cause is remanded with directions to conduct a new hearing on the motion for dismissal,

7

employing the appropriate test for violation of the speedy trial right under the state Constitution.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.

8