Filed 11/8/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ROBERT AMBROSE BUCHANAN IV,<br><br>    Defendant and Respondent. | H049838<br>(Santa Cruz County<br> Super. Ct. Nos. 20CR03618 &<br> 21AP00003) |
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>KAREN GINGER DOWNS,<br><br>    Defendant and Respondent. | H049839<br>(Santa Cruz County<br> Super. Ct. Nos. 20CR03330 &<br>21AP00002) |

Among the rights the Sixth Amendment guarantees to a person accused in a criminal prosecution is the right to a speedy trial. These appeals by the Santa Cruz County District Attorney turn on whether a person cited and released on a written promise to appear under Penal Code section 853.6[1] is "accused" for Sixth Amendment purposes in the interval between the promised appearance date and the state's later filing of a misdemeanor complaint. Although we consider the citation to be an accusation

---

[1] Undesignated statutory references are to the Penal Code.

otherwise sufficient to initiate Sixth Amendment protection against delay, we conclude that the District Attorney's election not to file formal charges by the appearance date ceased any legal restraint upon the accused and had the same effect, for constitutional speedy trial purposes, as a dismissal of charges. Accordingly, we reverse the trial court's judgments dismissing the prosecutions of Robert Ambrose Buchanan IV and Karen Ginger Downs.

## I.     BACKGROUND

### A.     *The Arrests and the Filing of the Complaints*

The procedural history for each of these cases is, for our purposes, identical. Law enforcement officers separately arrested Buchanan and Downs for driving under the influence of alcohol or drugs (DUI) in violation of Vehicle Code section 23152 and released each with a Judicial Council of California Form TR-130 Notice to Appear. Buchanan and Downs each signed their respective notice to appear—each of which included the issuing officer's declaration alleging the facts of the misdemeanor violation—agreeing to appear in court on a specified date and time more than 25 days later.

The court date specified on each notice to appear passed without the filing of charges as to either defendant, but the District Attorney ultimately filed charges against each defendant just as the one-year statute of limitations for misdemeanor DUIs was about to expire.

Buchanan and Downs were arraigned about 90 days after the District Attorney filed charges, and nearly 15 months after arrest.

| Date | Buchanan | Downs |
|---|---|---|
| Arrest and Notice to Appear | August 18, 2019 | August 2, 2019 |
| Noticed Court Date | September 23, 2019 | September 17, 2019 |

2

| Complaint Filed | August 17, 2020 | July 31, 2020 |
|---|---|---|
| Arraignment on Complaint | November 16, 2020 | October 23, 2020 |

**B.**   *Dismissal and Appeal*

Following arraignment, Buchanan and Downs each moved to dismiss the complaint against them, asserting violation of their speedy trial rights.  In a combined hearing, the trial court determined that (1) the defendants were and remained "accused" within the meaning of the Sixth Amendment speedy trial guarantee from the day law enforcement arrested and released them on notices to appear; (2) the lapse of more than one year from the issuance of the notice to appear was presumptively prejudicial under *Barker v. Wingo* (1972) 407 U.S. 514; and (3) although the delay of nearly a year from arrest to the filing of the complaints was justified by a commensurate delay in analyzing blood specimens collected upon arrest; (4) the further delay between the filing of the complaint and arraignment was unjustified.  The trial court therefore dismissed both actions.

The superior court's appellate department reversed, in split decisions, but certified the cases for transfer to this court.  This court ordered both cases transferred pursuant to California Rules of Court, rules 8.1002 and 8.1008 and ordered both cases considered together for the purposes of oral argument and disposition.

## II.   DISCUSSION

Although we review a trial court's grant or denial of a speedy trial motion for abuse of discretion (*People v. Vila* (1984) 162 Cal.App.3d 76, 85; *People v. Cowan* (2010) 50 Cal.4th 401, 431), "the deference [this standard] calls for varies according to the aspect of a trial court's ruling under review."  (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711.)  We review de novo a trial court's conclusions of law.  (*Id.* at p. 712.)  Here, the trial court's decision to grant defendants' speedy trial motions hinged

3

on its threshold determination that defendants were entitled to a presumption of prejudice because the Sixth Amendment speedy trial time period ran uninterrupted from the date of citation.

But because both Buchanan and Downs ceased to be under continuing restraint once the date originally noticed for their appearance passed without formal charge, their Sixth Amendment speedy trial right did not reattach until the District Attorney filed the operative charging document.[2]

**A.      *Sixth Amendment Speedy Trial Right***

"On its face, the protection of the [Sixth] Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." (*U.S. v. Marion* (1971) 404 U.S. 307, 313 (*Marion*).) " 'The Sixth Amendment right to a speedy trial is . . . not primarily intended to prevent prejudice to the defense caused by the passage of time; that interest is primarily protected by the Due Process Clause and by statutes of limitations.' " (*Serna*, *supra*, 40 Cal.3d at p. 259, quoting *United States v. MacDonald* (1982) 456 U.S. 1, 8 (*MacDonald*); see also *Marion*, *supra*, 404 U.S. at p. 320; *People v. Martinez* (2000) 22 Cal.4th 750, 760-761 (*Martinez*).) Rather, the right's purpose is to prevent prejudice to the defendant personally, as distinct from the defendant's ability to answer the charges: although chief among the harms to be mitigated are " 'the possibility of lengthy incarceration prior to trial, [and] the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail,' " the Sixth Amendment speedy trial right is also intended " 'to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.' " (*Serna*, *supra*, 40 Cal.3d at pp. 259-260.)

---

[2] In this court, defendants assert no violation of the California Constitution's speedy-trial right, which attaches in a misdemeanor prosecution when a criminal complaint is filed. (See *Serna v. Superior Court* (1985) 40 Cal.3d 239, 248 (*Serna*); Cal. Const., art. I, § 5.)

4

Delay exceeding one year before the trial of a person thus accused is presumptively prejudicial, and dismissal of the charges "constitutionally compelled in the absence of a demonstration of good cause for the delay." (*Id.* at p. 254.)

"[T]he Sixth Amendment right to speedy trial attaches in misdemeanor prosecutions, as it does in felonies, with the filing of the accusatory pleading, here a misdemeanor complaint, or arrest, whichever is first." (*Serna*, *supra*, 40 Cal.3d at p. 262, fn. omitted.)[3]  An arrest represents the government's assertion of probable cause to believe the arrestee has committed a crime. (*Martinez*, *supra*, 22 Cal.4th at p. 762, quoting *Dillingham v. United States* (1975) 423 U.S. 64, 65 (*Dillingham*).) "Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends . . . ." (*Marion*, *supra*, 404 U.S. at p. 320.)

As our Supreme Court has explained, however, an "arrest" does not render a person an "accused" under the Sixth Amendment indefinitely: "it appears that the [Sixth Amendment right to a speedy trial] attaches upon arrest *unless* the defendant is released without restraint or charges are dismissed." (*Martinez*, *supra*, 22 Cal.4th at p. 762; see also *Dillingham*, *supra*, 423 U.S. at p. 65; *United States v. Loud Hawk* (1986) 474 U.S. 302, 311 (*Loud Hawk*); *MacDonald*, *supra*, 456 U.S. at pp. 8-9.) The Sixth Amendment speedy trial right does not apply once the defendants are " 'freed without restraint' " or " '[o]nce charges are [initially] dismissed.' " (*Martinez*, *supra*, 22 Cal.4th at pp. 762-

---

[3] Unlike in a misdemeanor proceeding, the filing of a felony complaint does not trigger the Sixth Amendment speedy trial right. (*Martinez*, *supra*, 22 Cal.4th at pp. 763, 765 [Sixth Amendment "speedy trial right does not attach upon the filing of a felony complaint, but only upon either arrest with continuing restraint or the filing of an indictment, an information, or a complaint charging a misdemeanor"].)

763, quoting *Loud Hawk*, *supra*, 474 U.S. at p. 311 and *MacDonald*, *supra*, 456 U.S. at p. 8.)

**B.**     *Arrests by Citation under Section 853.6*

To begin, we reject the District Attorney's contention that defendants were not subject to continuing restraint from issuance of the citation and release upon their promises to appear.[4] Issuance of the citation served defendants with notice not only of the issuing officer's accusation and assertion of probable cause but of their obligation to appear in court on a date certain on pain of further criminal liability. (See § 853.7; Veh. Code, § 40508, subd. (a).) We conclude the statutory scheme at least initially subjected defendants to restraint sufficient to implicate Sixth Amendment protection.

Unless they demand to immediately appear before a magistrate, a person arrested for a misdemeanor offense, "in order to secure release, shall give their written promise to appear" for arraignment as directed in a citation, or notice to appear. (§ 853.6, subd. (d).) The written notice to appear, prepared in duplicate, bears "the name and address of the person, the offense charged, and the time when, and place where, the person shall appear . . . ." (§ 853.6, subd. (a)(1).) As the arrestee's copy of the notice warns, failure to appear is punishable as a misdemeanor. (§ 853.7; Veh. Code, § 40508, subd. (a); Judicial Council of California Form TR-130 ["WARNING: If you fail to appear in court as you have promised, you may be arrested and punished by 6 MONTHS IN JAIL AND/OR A $1,000 FINE regardless of the disposition of the original charge"][5].)

---

[4] We reject defendants' contention that the District Attorney forfeited this contention by failing to raise it in the trial court: the District Attorney plainly argued that the speedy trial right did not attach upon the initial arrest and release.

[5] The reverse of the TR-130s issued to defendants is not in the appellate record. However, the standard language, last revised on June 26, 2015, is made publicly available on the California Courts' website. We take judicial notice on our own motion of the standardized language. (See Evid. Code, §§ 459, subd. (a), 452, subds. (c) & (h).)

Under subdivision (e) of section 853.6, the prosecuting attorney can direct the officer to directly file the duplicate notice with the court as the operative misdemeanor charging document, as is the practice with infraction offenses; otherwise, the "duplicate notice and underlying police reports in support of the charge shall be filed with the prosecuting attorney." (§ 853.6, subd. (e)(1)-(3)(A).) Where the officer files the notice with the prosecuting attorney in lieu of the court, "the prosecuting attorney, within their discretion, may initiate prosecution by filing the notice or a formal complaint with the magistrate specified in the duplicate notice within 25 days from the time of arrest. . . . The failure by the prosecutor to file the notice or formal complaint within 25 days of the time of the arrest shall not bar further prosecution of the misdemeanor charged in the notice to appear. However, any further prosecution shall be preceded by a new and separate citation or an arrest warrant." (§ 853.6, subd. (e)(3)(B).)

Here, at the time of arrest, the government imposed actual restraints on defendants' liberty by, as a condition of their release, requiring them to appear in court at a designated time to respond to a law enforcement officer's accusation that they had committed a misdemeanor offense—actual restraints that would remain in effect unless and until the prosecuting attorney decided not to file charges. (See *Serna*, *supra*, 40 Cal.3d at pp. 259-260.)

To the extent *People v. Williams* (2012) 207 Cal.App.4th Supp. 1 (*Williams*) suggests these restraints are of no constitutional consequence, we disapprove it. (See *Williams*, 207 Cal.App.4th Supp. at p. 7 [holding that release on promise to appear did not amount to "actual restraint"].) In *Williams*, the Contra Costa County Superior Court's appellate department held that a defendant who "was arrested on a misdemeanor and cite released without bail or other apparent restraint" was not subjected to any actual restraints. (*Ibid*.) The court elaborated that the defendant was not "placed under any conditions of release, . . . restricted from travel, . . . or otherwise [subjected to] and of the actual restraints that normally accompany an arrest when charges are pending." (*Ibid*.)

7

The *Williams* court dismissed the significance of the requirement to appear on the date specified in the notice to appear, reasoning that if no complaint was actually filed before the noticed date then the court would have no basis for issuing an arrest warrant in response to the failure to appear. (*Ibid.*)

Unlike the *Williams* court, we anticipate that a person released on a citation—subject to a criminally enforceable promise to appear as directed—will take at face value the unambiguous threat of prosecution for failure to appear. As noted by the dissent in the appellate department proceedings here, a person released on a citation who willfully fails to appear on the noticed date could be subject to a new misdemeanor charge for that failure " 'regardless of the disposition of the charge upon which [they were] originally arrested.' (Pen. Code, §§ 853.7 and 1320.)" The practical reality that courts may be unequipped to track failures to appear on citations not filed with the court by the appearance date does nothing to address the restraint that is " 'the disruption of life caused by arrest and the presence of unresolved criminal charges,' " which the Sixth Amendment right is also intended to mitigate. (See *Serna*, *supra*, 40 Cal.3d at p. 260.) The restraint imposed by the obligation to appear remains in effect unless and until the state ends it.[6]

The logical conclusion of following *Williams* as urged by the District Attorney would be that an arresting officer could specify on the notice to appear an appearance

---

[6] *Martinez*, on which *Williams* relies, does not hold otherwise. (Compare *Williams*, *supra*, 207 Cal.App.4th Supp. at pp. 6-7.) In *Martinez*, the defendant was arrested for driving under the influence and provided an address at which she could be contacted. (*Martinez*, *supra*, 22 Cal.4th at p. 756.) Ten days later, the district attorney filed a felony complaint and sent an arraignment notice to the address provided. (*Ibid.*) The Supreme Court did not address the constitutional relevance of the initial arrest, because "defendant does not contend that her Sixth Amendment speedy trial right attached upon her initial warrantless DUI arrest in September 1991, apparently because she was promptly released without bail and without any sort of probable cause determination by a magistrate." (*Id.* at p. 761.)

date as much as 364 days from arrest, whether to accommodate delays in analysis of serological samples, court congestion, or any other bureaucratic or administrative failure not amounting to a constitutionally adequate justification for delay. As we have explained, the record before us reflects that, consistent with the statutory scheme, defendants' releases were contingent upon their promise to appear in court to answer "the offense charged" in the notice. (See § 853.6, subd. (a)(1).) Defendants, though released, remained subject to the "continuing restraint" of the obligation to comply with the notice.

**C.**     ***Cessation of Continuing Restraint***

Nevertheless, the District Attorney elected not to formally charge defendants pursuant to the Notices to Appear before the deadline set forth in section 853.6, subdivision (e)(3)(B), or defendants' court dates, as set forth in the notices. Once the appearance date passed without formal charges, defendants were effectively "freed without restraint," even though they were subject to an ongoing investigation. Under controlling decisional law, they ceased to be "accused" within the meaning of the Sixth Amendment speedy trial clause.

In *MacDonald*, the United States Supreme Court distinguished, for speedy trial purposes, between an individual facing charges and an individual subjected to an ongoing investigation after charges have been dismissed. There, the Army formally charged MacDonald with murdering his pregnant wife and two children on a military reservation. (*MacDonald*, *supra*, 456 U.S. at pp. 3-4.) After collecting information from 56 witnesses, the Army dismissed the charges. (*Id*. at pp. 4-5.) At the request of the Justice Department, however, the Army continued its investigation, enabling the Justice Department to secure a grand jury indictment charging MacDonald with the three murders more than four years after the Army dismissed its charges. (*Id*. at p. 5.) The United States Supreme Court held that the speedy trial guarantee did not apply to the period between the Army's dismissal of its homicide charges and the grand jury indictment. (*Id*. at pp. 8-11.) The court explained that after dismissal "the formerly

9

accused is, at most, in the same position as any other subject of a criminal investigation. . . . After the charges against him are dismissed, 'a citizen suffers no restraints on his liberty and is [no longer] the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer.' [Citation.] Following dismissal of charges, any restraint on liberty, disruption of employment, strain on financial resources, and exposure to public obloquy, stress and anxiety is no greater than it is upon anyone openly subject to a criminal investigation." (*MacDonald*, *supra*, 456 U.S. at pp. 8-9, fn. omitted.)

Similarly, an arrestee held in custody for 72 hours then released and informed that no charges were then being filed "stands in the same position as one against whom charges are filed and then dismissed." (*People v. Price* (1985) 165 Cal.App.3d 536, 539, 541 (*Price*).) Thus, applying *MacDonald*, the court in *Price* held that the delay between arrest and the eventual filing of charges by information did not support dismissal of the information on Sixth Amendment grounds. (See *id*. at p. 541; see also *Loud Hawk*, *supra*, 474 U.S. at pp. 307-308, 311-312 [applying *MacDonald* to exclude from the Sixth Amendment speedy trial analysis time during which defendants were freed without restraint while the government appealed the district court's dismissal of the original indictment against them].)

The election by a prosecuting attorney not to file a complaint within the initial 25 days contemplated by section 853.6 places the arrestee in a position that is indistinguishable, for Sixth Amendment speedy trial purposes, from an arrestee who is free pending an ongoing investigation pursuant to a dismissal or a release without charges. Once the dates on the Notices to Appear passed without the District Attorney filing a case against them, defendants were freed without restraint in a position indistinguishable from any other individual subject to an ongoing criminal investigation. (See *MacDonald*, *supra*, 456 U.S. at pp. 8-9; *Loud Hawk*, *supra*, 474 U.S. at p. 311; *Price*, *supra*, 165 Cal.App.3d at p. 541; *Williams*, *supra*, 207 Cal.App.4th Supp. at p. 7.)

10

From that date until the District Attorney filed the operative misdemeanor complaints, they were no longer accused. Defendants accordingly were not entitled to count this time toward the one-year threshold at which we may presume prejudice.[7] (See *Serna*, *supra*, 40 Cal.3d at pp. 251-253 [delay of more than one year from filing of the misdemeanor complaint to the arrest is presumptively prejudicial].)

Although delays of shorter duration may result in actual prejudice warranting dismissal (see *Serna*, *supra*, 40 Cal.3d at p. 254), defendants did not introduce evidence of actual prejudice in the trial court. Thus, the record did not permit the trial court to grant defendants' motions.

### III. DISPOSITION

The trial court's orders dismissing the complaints in both actions are reversed.

---

[7] We need not decide whether the time period between the arrest and the appearance date on the Notice to Appear may properly be aggregated with a noncontinuous period of post-complaint delay, as the combined total on this record would not support a presumption of prejudice.

11

_____

LIE, J.

WE CONCUR:


_____

GREENWOOD, P.J.



_____

GROVER, J.




*People v. Buchanan*
H049838
*People v. Downs*
H049839

Trial Court:

Santa Cruz County
Superior Court Nos. 20CR03618,
21AP00003, 20CR03330, and
21AP00002

Trial Judge:

The Honorable Samuel S. Stevens

Attorney for Plaintiff and Appellant
The People of the State of California:

Jeffrey S. Rosell,
District Attorney

Tara L. George,
Chief Deputy District Attorney

Lauren Apter,
Assistant District Attorney

Attorneys for Defendants and Respondents
Robert Ambrose Buchanan IV and
Karen Ginger Downs:

William Safford,
under appointment by the
Court of Appeal for Respondents

*People v. Buchanan*
H049838
*People v. Downs*
H049839