Filed 4/29/13  P.v. Limas CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KIMBERLY ANN LIMAS,<br><br>        Defendant and Appellant. | A134593<br><br>(Solano County<br>Super. Ct. No. FCR258009) |

        Kimberly Ann Limas appeals from a judgment upon a jury verdict finding her guilty of one count of obtaining public aid by misrepresentation (Welf. & Inst. Code, § 10980, subd. (c)(2).)  She contends that she was denied her right to a speedy trial.  We affirm.

                    **FACTUAL AND PROCEDURAL BACKGROUND**

        On July 24, 2008, a felony complaint charging defendant with one count of obtaining public aid by misrepresentation and two counts of perjury was filed.[1]  The charges alleged that defendant misrepresented the number of children who lived in her household between the period from September 2006 to February 2007.  The court sent defendant a notice of arraignment at her last-known address in Pinole.  The notice informed defendant that an appearance date had been set for January 13, 2009.  Defendant failed to appear; the court therefore issued a bench warrant.

_____

[1] The complaint was subsequently amended to exclude the perjury counts.

1

On April 20, 2009, Karl Phillipps, a supervising investigator for the Solano County Special Investigations Bureau determined that defendant had received public assistance in Alameda County and had listed an address and telephone number in Oakland. He was unsuccessful in reaching defendant by telephone and consequently sent her a letter informing her of the warrant and its date of issuance and explaining the procedures for obtaining a court date. Defendant called Phillipps on April 29, 2009, and acknowledged receiving the letter. She told Phillipps that the she did not reside at the Oakland address but was living in Pittsburg. She thought she had filed an appeal in the Solano case. Phillipps explained that he was not aware of the appeal, but that she was required to appear on the warrant and that it would be outstanding until she appeared in court. Phillipps thereafter learned that defendant had no appeals pending in Solano County and called defendant on April 29, 2009 to let her know. Phillipps again reiterated to defendant that she was required to appear on the warrant and advised her to follow the directions in the letter he had sent her in order to have the matter calendared. Defendant told Phillipps she would do so. Phillips also contacted the investigations unit in Contra Costa County to advise the unit of defendant's address and her outstanding warrant.

Defendant did not enter an appearance on the warrant and was not arraigned on the complaint until the bench warrant was recalled in March 2011. On October 31, 2011, defendant moved to dismiss the complaint on the ground that her speedy trial rights were violated. She argued that the delay between the filing of the complaint and her arraignment violated her right to a speedy trial. She also asserted that she had suffered prejudice because her sister, Michelle Limas, and her son, T1, could not recall whether T1 lived with her during the relevant period.

The People opposed the motion, contending that defendant's federal speedy trial rights were not implicated because the right to a speedy trial did not attach until the information was filed on August 18, 2011. Alternatively, the People argued that defendant had not established prejudice, and that she was nonetheless responsible for any delay in prosecution because she was aware of the outstanding warrant.

The trial court denied the motion. The court ruled that it found defendant's "failure to timely assert her speedy trial rights [was] the pivotal aspect of this motion."

## DISCUSSION

Defendant contends that her conviction must be reversed because her state and federal speedy trial rights were violated due to the People's almost three-year delay in serving her with an arrest warrant. We conclude that defendant failed to demonstrate prejudice arising from the delay in her arrest.

In *Scherling v. Superior Court* (1978) 22 Cal.3d 493, 504, our Supreme Court explained the differences between the state and federal right to a speedy trial. "[U]nder California as well as federal law, the right to a speedy trial clearly attaches after an arrest or the filing of an indictment or information. [Citation.] [¶] Unlike federal law, however, this state has extended the right to the preindictment and prearrest stage, holding that it attaches under article I, section 15, of our Constitution after a complaint has been filed. [Citations.] But the consequence of a violation depends upon the stage at which a violation of the right occurs. The right to a speedy trial following the filing of an indictment or information and the time limitations applicable thereto are set forth by statute ([Pen. Code,] § 1382) and a violation of the statute is presumed to be prejudicial. [Citation.] A violation at a prior stage depends upon a balancing of the prejudicial effect of the delay and the justification therefor. [Citations.]" (*Ibid.*; footnotes omitted.)

Here, the delay in bringing defendant to trial occurred after the complaint was filed but before defendant was arrested. Hence, "[u]nder the *state* Constitution's speedy trial right, . . . no presumption of prejudice arises from delay after the filing of a complaint and before arrest or formal accusation by indictment or information [citations]; rather, in this situation a defendant seeking dismissal must affirmatively demonstrate prejudice [citation]." (*People v. Martinez* (2000) 22 Cal.4th 750, 755.) Defendant focuses on the trial court's statement, in denying her motion, that it "did consider the fact that there may have been some actual prejudice, in terms of witness failures of recollection." Yet, as the Attorney General argues, there is nothing in the record to support a finding of prejudice on this basis.

3

Defendant's assertion of prejudice rests on the preliminary hearing testimony of her sister, Michelle Limas, who testified that she could not recall the dates when one of defendant's sons lived with defendant in 2006. Defendant also relies on the preliminary hearing testimony of her son, T1, who could not recall which dates he went to schools in Fairfield or Hayward but acknowledged that he went to school in Hayward for a large portion of the 2006 school year.

The record, however, establishes that defendant was not prejudiced by the delay in bringing her to trial. Even if Michelle Limas and T1 had testified at trial and could state with any certainty that T1 lived with defendant during the relevant period, the testimony and evidence admitted at trial established that T1 and T2 (collectively, the children) lived with their father during the relevant period. Jasper Snipes, a welfare fraud investigator, testified that he met with defendant on February 1, 2007, and she confirmed that the children were living with their father in Hayward. Defendant signed a statement on that date stating that the children had lived with their father since September 2006. Defendant explained that she had reported that the children were living in her home because she anticipated a favorable court ruling concerning their custody. In addition, T. Mason, the father of the children, testified that he had primary custody of T2 and that T2 lived with him full time in 2006. Mason further testified that T1 began living with him in the summer of 2006 for the fall 2006 school year. The children attended school in Hayward. Documents substantiating their enrollment in the Hayward school district for the relevant period were admitted at trial.

Rachel McCready, Mason's fiancée, also testified and confirmed that the children lived with their father in Hayward in 2006. Moreover, there was evidence that the children attended an after-school art club four days a week in Hayward during the relevant period. In sum, the evidence that the children lived with their father from September 2006 to February 2007 was overwhelming. Defendant failed to affirmatively establish prejudice. (See *People v. Martinez*, *supra*, 22 Cal.4th at p. 755.) She therefore was not entitled to dismissal based on a violation of her state speedy trial right. (*Ibid.*)

4

## DISPOSITION

The judgment is affirmed.


_____
Rivera, J.


We concur:


_____
Reardon, Acting P.J.


_____
Humes, J.