Filed 4/16/15  P. v. Guerra CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B257327 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA131085) |
| v. | |
| HENRY LOPEZ GUERRA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  John A. Torribio, Judge.  Affirmed.

Henry Lopez Guerra, in pro. per.; and Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Following a court trial, Henry Lopez Guerra was convicted of three counts of committing a lewd or lascivious act on a child under the age of 14 (Pen. Code, § 288, subd. (a))**1**, with a finding of substantial sexual conduct as to one count. The trial court sentenced defendant to an aggregate term of 12 years in prison.

Defendant's convictions were based upon his conduct toward N.R. from 2010 through 2013. Defendant resided with N.R., her mother, and her half-sister, who was defendant's daughter. N.R. testified defendant touched her genitals more than five times and put his finger inside her vagina on two separate occasions. Defendant admitted to a detective he touched N.R.'s genitals once, but denied any other wrongful conduct toward her.

Defendant filed a timely appeal. We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. Defendant provided counsel with a Spanish-language supplemental brief, which counsel had translated to English and filed with this court.

In his supplemental brief, defendant first argues "in the last day of the trial they tell me that the original charges they make nothing and they change them to others." He argues this was done "because they didn't have any sufficient proofs to find me guilty." Defendant originally faced more serious charges: a violation of section 288.7, subdivision (b), for which the only sentence is 15-years of life, and a violation of section 288.5, subdivision (a), for which the possible terms are 6, 12, or 16 years. During voir dire, defendant agreed to waive a jury trial in exchange for the prosecutor's amending the information by adding three counts alleging violation of section 288, subdivision (a), for which defendant's maximum aggregate term could be 12 years, and not proceeding on the two more serious counts initially charged. Thus, defendant expressly agreed to the change in the charges and cannot complain of this on appeal.

---

**1** Undesignated statutory references are to the Penal Code.

Defendant next argues "they never made the medical or physical examinations." There is no requirement for such examinations. The testimony of N.R., which the court found credible, constituted substantial evidence supporting the convictions. (*People v. Young* (2005) 34 Cal.4th 1149, 1181 ["unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction"].) For the same reasons, there is no merit to defendant's later assertion that he fails to understand why the law permits "condemning a person even for life only because someone says that he did it and even without proofs they find him guilty only with words."

Defendant also argues, "[T]hey never made me any offers; well, they changed them until the day of the trial." Although the prosecutor is not required to make any plea offers, the record establishes that the prosecutor made several offers in this case, each of which the defendant rejected.

Defendant further argues, "[W]hen they interrogated me I was under the influence of alcohol and drugs and the lawyer never argued anything." Nothing in the appellate record supports this argument, not even defendant's trial testimony. Absent any factual support, there can be no possible merit to any claim counsel was ineffective for failing to raise this issue.

Finally, defendant argues he "asked for a rapid trial. But they never did that." As far as the record reveals, defendant consented to every continuance after his preliminary hearing. There appears to have been a delay of about six months between his arrest and his preliminary hearing, but nothing in the appellate record indicates the cause. In any event, defendant has not attempted to establish any prejudice resulting from that delay, as required for a speedy trial challenge on appeal. (*People v. Martinez* (2000) 22 Cal.4th 750, 769.)

After examining the entire record and considering defendant's contentions in his supplemental brief, we are satisfied that defendant's attorney has fully complied with her

responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


BENDIX, J.*

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

---

**\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.