Filed 3/27/23  P. v. Valdez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>KEVIN MITCHELL VALDEZ,<br><br>      Defendant and Appellant. | C095881<br><br>(Super. Ct. No. 20CF00925) |

A jury convicted defendant Kevin Mitchell Valdez of rape (Pen. Code, § 261, subd. (a)(2)[1] -- count 1), sexual penetration by a foreign object (§ 289, subd. (a)(1)(A) -- count 2), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4) -- count 3), and false imprisonment by force (§ 236 -- count 4). The trial court sentenced him to 15 years in prison.

Defendant now contends (1) his speedy trial rights were violated when the trial court granted defense counsel's motion to continue the trial over defendant's objection,

---

[1]  Undesignated statutory references are to the Penal Code.

1

(2) the trial court abused its discretion in denying defense counsel's post-trial request for continuance to assess concerns of juror misconduct, (3) trial counsel was ineffective in failing to present admissible evidence of juror misconduct, and (4) trial counsel was ineffective in failing to request a hearing on defendant's ability to pay the imposed fines and assessments.

Finding no error, abuse of discretion, or ineffective assistance of counsel, we will affirm the judgment.

BACKGROUND

Because defendant's contentions on appeal do not require a full recitation of the facts, we provide a short summary.

Defendant met a woman who lacked housing at a park in Thermalito. Later, the woman went to an orchard and prepared to sleep in the bed of a pickup. Defendant entered the bed of the pickup and attempted to lie down with her. The woman repeatedly asked him to leave, but defendant refused. When the woman left the bed of the pickup to retrieve her cell phone, defendant attacked her and sexually assaulted her.

DISCUSSION

I

Defendant contends his state (statutory and constitutional) and federal (constitutional) speedy trial rights were violated when the trial court granted defense counsel's motion to continue the trial over defendant's objection.

A

The state Constitution guarantees criminal defendants the right to a speedy trial from the time a felony complaint is filed. (*People v. Martinez* (2000) 22 Cal.4th 750, 754.) Additionally, " '[t]o implement an accused's constitutional right to a speedy trial, the Legislature enacted section 1382.' " (*Burgos v. Superior Court* (2012) 206 Cal.App.4th 817, 825.) Section 1382, as relevant to this case, provides that a felony case must be dismissed if it is not brought to trial within 60 days after the defendant's

2

arraignment on an information unless the defendant waives the 60-day trial requirement. But the speedy trial right is forfeited "unless the defendant both objects to the date set and thereafter files a timely motion to dismiss." (*People v. Wilson* (1963) 60 Cal.2d 139, 146, italics omitted (*Wilson*).)

Law enforcement arrested defendant on August 14, 2019, and he received a Sexual Assault Response Team (SART)[2] examination that day. On March 5, 2020, around the beginning of the COVID-19 pandemic, defendant was arraigned on a felony complaint. On August 13, 2020, defendant was arraigned on the felony information and pleaded not guilty. He waived his speedy trial rights.

On May 6, 2021, defendant withdrew his time waiver, and a trial readiness conference was scheduled for one week later, on May 13, 2021. At the trial readiness conference, trial was set for June 21, 2021. On June 18, 2021, however, defendant indicated he was not feeling well, so his trial date was changed to June 28, 2021.

On June 23, 2021, defense counsel filed a motion to continue the jury trial, stating that the defense had not yet received the results of the SART exam conducted on defendant. Defense counsel argued there was good cause for a continuance because the SART exam analysis could be exculpatory. He did not claim the prosecution had been derelict or negligent in providing discovery.

The trial court asked defendant whether he was waiving time and defendant said no. Nevertheless, over defendant's objection, the trial court granted defense counsel's motion to continue, finding good cause based on the need for the defense to obtain and analyze the additional evidence.

Jury trial began on August 23, 2021. During trial, information was presented that the laboratory analysis of the SART exam had been completed on December 3, 2019.

---

[2] See *People v. Ramirez Ruiz* (2020) 56 Cal.App.5th 809, 817, fn. 7.

Defendant claims we must reverse because the prosecution was at fault in causing the trial delay by failing to provide the SART exam results to the defense in a timely manner. (See *People v. Johnson* (1980) 26 Cal.3d 557, 570 [prosecutorial negligence is not good cause for a trial delay beyond 60 days].) But the timing of the completion of the SART examination was not known to the trial court when it found good cause to continue the trial. Our review of a trial court order is limited to the record before the trial court at the time it made its ruling. (See *People v. Jones* (2013) 57 Cal.4th 899, 922.) Here, the record before the trial court at the relevant time did not support a finding that the prosecution negligently handled its examination and reporting of evidence.

In addition, defendant's state speedy trial claim lacks merit because he did not file a timely motion to dismiss based on an asserted violation of his speedy trial rights. (*Wilson, supra*, 60 Cal.2d at p. 146.) The trial court has no duty to order dismissal unless the defendant demands it after expiration of the allowable delay. (*Id.* at p. 147.) No such demand was made here.

B

A defendant also has speedy trial rights under the federal Constitution. (*Barker v. Wingo* (1972) 407 U.S. 514, 515 [33 L.Ed.2d 101].) In determining whether a defendant's federal speedy trial rights were violated, we employ a balancing test based on the following factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." (*Id.* at p. 530.)

Regarding the length of the delay, it was two years from his arrest and 17 months from his arraignment on the felony complaint. Defendant makes no specific argument on this factor other than pointing out the delay, but he previously waived time before withdrawing the time waiver on May 6, 2021, less than four months before trial started.

As for the reason for the delay, defendant claims it was the prosecutor's fault. However, any delay resulting from the prosecutor's failure to deliver discovery concerning defendant's SART exam accounted for only two months of the delay.

4

Concerning the assertion of his speedy trial right, defendant initially waived time under section 1382 before eventually withdrawing the waiver. But he did not assert his federal right to a speedy trial in the trial court.

And regarding prejudice, defendant does not identify particular prejudice other than the passage of time.

On this record, and based on our balancing of the factors stated in *Barker*, we conclude defendant has not established a reversible violation of his federal speedy trial rights.

## II

Defendant next contends the trial court abused its discretion in denying defense counsel's post-trial request for continuance to assess concerns of juror misconduct.

Section 1050, subdivision (e), states: "Continuances shall be granted only upon a showing of good cause. Neither the convenience of the parties nor a stipulation of the parties is in and of itself good cause." The trial court has broad discretion to determine whether good cause exists. (*People v. Alexander* (2010) 49 Cal.4th 846, 934.) We review the denial of a motion for continuance for abuse of discretion. (*People v. D'Arcy* (2010) 48 Cal.4th 257, 287; see also *People v. Snow* (2003) 30 Cal.4th 43, 77 (*Snow*).)

After trial, a defense investigator signed a declaration in which he stated he talked to the jury foreperson, who told him the jurors believed they would have had a better idea of what happened if defendant had testified and that the jury reached its guilty verdicts because defendant did not testify. The investigator called the foreperson one or two weeks later, but she told him she could not discuss the matter because she was preparing to go on vacation. She said she would contact him later. The trial court granted the defense's request for juror contact information as to three jurors. However, the investigator was unable to obtain further information from those jurors for various reasons. The defense investigator concluded: "Based on my experience in investigations, both law enforcement and defense, and the efforts to contact jurors in this

5

matter, I do not believe additional efforts would be productive beyond what I made. Additional efforts would run afoul of the explicit and strict admonishment by the court [concerning unreasonable contact with jurors]. However, I also believe the information provided by the foreperson to be an accurate and specific insight into a factor used by this jury in their deliberations . . . ."

At a hearing on defendant's motion for new trial, defense counsel argued that the defense investigator's declaration was sufficient to establish a violation of defendant's right to remain silent. In the alternative, defense counsel asked for a continuance to obtain additional evidence regarding the asserted jury misconduct. The trial court denied the request for a continuance and denied the motion for new trial, concluding there was no admissible evidence to support the assertion that the jury violated defendant's right to remain silent. The trial court noted that the defense investigator's declaration was inadmissible hearsay as to the juror's statements, citing *People v. Carter* (2003) 30 Cal.4th 1166, 1216-1217 [hearsay insufficient to trigger trial court's duty to investigate juror misconduct]. The trial court also cited Evidence Code section 1150, which bars consideration of jurors' mental processes. In addition, the trial court found the statements attributed to the jury foreperson to be uncorroborated and vague.

On appeal, defendant does not challenge the denial of the motion for new trial. Rather, he focuses on the trial court's denial of the request for a continuance, claiming there was a strong basis to believe jury misconduct occurred but the trial court elected to ignore the facts.

The defense investigator initially spoke to the jury foreperson at the conclusion of the trial in August 2021. But the investigator was unable to obtain further information or a declaration from her, and did not obtain information from any other juror. More than six months after trial, the defense lacked admissible evidence of juror misconduct, and in the opinion of the defense investigator, further efforts would not be productive. Under the circumstances, the trial court did not abuse its discretion in denying the request for a

6

continuance. (*Snow, supra*, 30 Cal.4th at p. 77 [denial of a continuance is not an abuse of discretion after the defense fails to develop admissible evidence in support of a new trial].)

## III

Defendant further contends his trial counsel was ineffective in failing to present admissible evidence of juror misconduct.

"In order to establish a claim for ineffective assistance of counsel, a defendant must show that his or her counsel's performance was deficient and that the defendant suffered prejudice as a result of such deficient performance." (*People v. Mickel* (2016) 2 Cal.5th 181, 198, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687-692 [80 L.Ed.2d 674].) Representation is deficient if counsel's performance falls below an objective standard of reasonableness under prevailing norms. Deficient representation is harmless unless it is reasonably probable the outcome would have been different if the representation had not been deficient. (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) "The burden of sustaining a charge of inadequate or ineffective representation is upon the defendant. The proof . . . must be a demonstrable reality and not a speculative matter." (*People v. Stephenson* (1974) 10 Cal.3d 652, 661 (*Stephenson*).)

Defendant claims his trial counsel should have known that a motion for new trial based on jury misconduct required admissible evidence, and counsel should have obtained a declaration from the jury foreperson.

The ineffective assistance claim fails on both deficient representation and prejudice. It appears that trial counsel knew the motion for new trial needed one or more juror declarations, and requested a continuance in the hope of obtaining such evidence. But the record indicates efforts had already been made without success. The suggestion that trial counsel could have obtained a proper juror declaration if he had tried harder is speculative and insufficient to sustain a claim of ineffective assistance of counsel. (*Stephenson, supra*, 10 Cal.3d at p. 661.) Defendant has not established that trial

7

counsel's representation fell below an objective standard of reasonableness, and it is not reasonably probable defendant would have obtained a more favorable outcome if trial counsel had acted differently.

IV

In addition, defendant contends trial counsel was ineffective in failing to request a hearing on defendant's ability to pay the imposed fines and assessments.

The trial court ordered defendant to pay a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), a $160 court operations assessment (§ 1465.8), a $120 conviction assessment (Gov. Code, § 70373), a $300 sex-offender fine (§ 290.3), a $60 court surcharge (§ 1465.7, subd. (a)), a $150 state court facilities construction fund assessment (Gov. Code, § 70372), a $300 state penalty assessment (§ 1464), a $210 county penalty assessment (Gov. Code, § 76000), a $30 DNA identification fund assessment (Gov. Code, § 76104.6), and a $120 DNA identification fund assessment (Gov. Code, § 76104.7). Defendant did not object to the fines and assessments or request a hearing on his ability to pay.

*People v. Dueñas* (2019) 30 Cal.App.5th 1157 held that a defendant has a due process right to a hearing on the ability to pay certain fines and assessments. (*Id.* at pp. 1163-1164.) But a defendant who does not object to the fines and assessments, and does not assert in the trial court the right to a hearing on the ability to pay, forfeits consideration of ability to pay on appeal. (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1052-1054.) Here, defendant forfeited consideration of ability to pay on appeal.

Defendant argues the failure to raise a *Dueñas* claim in the trial court constituted ineffective assistance of counsel. On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

8

The record does not establish that defendant lacked the ability to pay fines and assessments. Although there are indications defendant had been with individuals who lacked housing, defendant's trial counsel may have had information regarding defendant's resources that does not appear in the record on appeal. The record does not affirmatively disclose that counsel had no tactical purpose in declining to request a hearing on the ability to pay. "[I]t is inappropriate for an appellate court to speculate as to the existence or nonexistence of a tactical basis for a defense attorney's course of conduct when the record on appeal does not illuminate the basis for the attorney's challenged acts or omissions." (*People v. Wilson* (1992) 3 Cal.4th 926, 936.) Defendant's contention lacks merit.

DISPOSITION

The judgment is affirmed.


                                          /S/
                                    MAURO, J.



We concur:



     /S/
HULL, Acting P. J.



     /S/
RENNER, J.

9